UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WARREN HACKER,<br><br>            Plaintiff,<br><br>     v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>            Defendant. | No.  2:20-cv-00371-TLN-DMC<br><br>**AMENDED** PRETRIAL SCHEDULING ORDER |

After reviewing the parties' Joint Statement, the Court makes the following Pretrial Scheduling Order.

I.     SERVICE OF PROCESS

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.    ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

III.   JURISDICTION/VENUE

Jurisdiction is predicated upon 29 U.S.C. § 1132. Jurisdiction and venue are not contested.

///

1

IV.   DISCOVERY

This case is governed by ERISA, therefore, all evidence for trial will generally be limited to the administrative record. The Court will allow a limited period of additional discovery in order to assess whether a conflict of interest affected the decision making process.

All discovery shall be completed by **February 25, 2021**. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall be been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this Court.

V.   ADMINISTRATIVE RECORD

Defendants shall provide Plaintiff a copy of the entire administrative record within sixty **(60)** days of the date of this Pretrial Scheduling Order. The filing of the written administrative record shall be filed not later than **March 25, 2021.**

VI.  TRIAL

A bench proceeding is set for **July 19, 2021** at **9:00 a.m**., for consideration of the parties' cross-motions for judgment under Federal Rule of Civil Procedure 52. Briefing of the

motions shall be according to the Federal Rules of Civil Procedure, this Court's Local Rules and this Order.  The parties estimate a court trial length of approximately **two hours**.

VII. SETTLEMENT CONFERENCE

The Court may set a settlement conference if the parties so request.  In the event an early settlement conference date is requested, the parties shall file said request jointly, in writing.  The request must state whether the parties waive disqualification, pursuant to Local Rule 270(b), before a settlement judge can be assigned to the case.  Absent the parties' affirmatively requesting that the assigned Judge or Magistrate Judge participate in the settlement conference AND waiver, pursuant to Local Rule 270(b), a settlement judge will be randomly assigned to the case.

VIII. VOLUNTARY DISPUTE RESOLUTION PROGRAM

Pursuant to Local Rule 271, parties may stipulate at any stage in the proceedings to refer the action, in whole or in part, to the Voluntary Dispute Resolution Program.

IX.   MODIFICATION OF PRETRIAL SCHEDULING ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute

1 good cause.  Except in extraordinary circumstances,
2 unavailability of witnesses or counsel will not constitute good
3 cause.
4     X.    OBJECTIONS TO PRETRIAL SCHEDULING ORDER
5     This Pretrial Scheduling Order will become final without
6 further order of the Court unless objections are filed within
7 fourteen (14) *calendar* days of service of this Order.
8     IT IS SO ORDERED.
9 DATED: April 16, 2020

_____
Troy L. Nunley
United States District Judge